FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND HILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CASUALTY GENERAL INSURANCE CO.,<br><br>Defendant. | NO. 4:20-CV-5145-TOR<br><br>ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO WITHDRAW |

BEFORE THE COURT are Defendant's Motion for Involuntary Dismissal Under FRCP 41(B) (ECF No. 33) and Plaintiff Counsel's Motion to Withdraw (ECF No. 35).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Defendant's Motion for Involuntary Dismissal Under FRCP 41(b) (ECF No. 33) is **denied** and Plaintiff Counsel's Motion to Withdraw (ECF No. 35) is **granted**.

//

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO WITHDRAW ~ 1

# DISCUSSION

## I. Motion to Dismiss

Defendant moves to involuntarily dismiss Plaintiff's case where "Plaintiff has failed to participate in meaningful discovery, comply with trial deadlines, and move settlement negotiations forward."  ECF No. 33 at 1.  Plaintiff opposes the motion on the grounds he is (1) prepared for trial but is working to settle the matter, (2) slowed in resolving the case due to issues with third-party lienholders, and (3) in compliance with the Fourth Amended Bench Trial Scheduling Order. ECF No. 35 at 5–8.

A defendant may move for an involuntary dismissal where "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b). Involuntary dismissal is a "harsh remedy" that district courts should be reluctant to grant, short of "aggravated circumstances."  *Von Poppenhem v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1049 (9th Cir. 1971).  District courts must weigh the following factors: (1) the public's interest in expeditious resolution; (2) the court's needs to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  If a court dismisses a case for lack of prosecution, the finding must be supported by a showing of unreasonable delay.  *Id.*

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO WITHDRAW ~ 2

1    Plaintiff has not failed to prosecute this action.  Notably, the parties reached

2    a tentative settlement, Plaintiff has been working with third-party lienholders in

3    order to finalize the settlement, and Plaintiff has opposed the present motion.

4    While the public is interested in expeditious litigation and the Court needs to

5    manage its docket, Defendant has agreed to multiple continuances in this case,

6    minimizing a claim of prejudice.  The public policy favors a disposition of this

7    case on the merits and there is the availability of less drastic sanctions.  Under

8    these circumstances, dismissal is not warranted.  The Court denies Defendant's

9    motion.

10    **II.  Motion for Withdrawal**

11    Jason A. Celski of Celski Law Firm PLLC seeks leave to withdraw as

12    Plaintiff's counsel in this case.  ECF No. 35.  Mr. Celski served the present motion

13    on all parties and Plaintiff pursuant to Local Civil Rule 83.2(d)(4).  *Id.* at 4.

14    Defendant takes no position on the motion, ECF No. 41, and Plaintiff did not file a

15    response, timely or otherwise.

16    An attorney must obtain leave of Court if the withdrawal will leave the party

17    unrepresented.  LCivR 83.2(d)(4).  The motion to withdraw must demonstrate

18    good cause for the withdrawal.  *Id.*  Counsel for Plaintiff seeks to withdraw from

19    representation on the grounds that further representation would violate the

20    Washington State Rules of Professional Conduct because Plaintiff has not

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO
WITHDRAW ~ 3

maintained reasonable communication and Counsel has a fundamental

disagreement about the future of Plaintiff's case.  ECF No. 35 at 2.  Counsel

indicates Plaintiff terminated his representation on February 3, 2023.  *Id.*

Under these circumstances, the Court finds Plaintiff's Counsel has

demonstrated good cause for withdrawal.  Mr. Hilton may elect to proceed *pro se*,

28 U.S.C. § 1654, or obtain substitute counsel.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Involuntary Dismissal Under FRCP 41(b) (ECF

    No. 33) is **DENIED**.

2.  Plaintiff Counsel's Motion to Withdraw (ECF No. 35) is **GRANTED**.

    Jason A. Celski of Celski Law Firm PLLC is granted leave of Court to

    withdraw from this matter.

3.  The Clerk of Court shall adjust the docket accordingly.

4.  Litigants have a statutory right to self-representation in civil matters.  28

    U.S.C. § 1654.  While *pro se* pleadings are held to less stringent

    standards than those prepared by attorneys, *pro se* litigants in the

    ordinary civil case should not be treated more favorably than parties with

    attorneys of record.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th

    Cir. 1986).  Trial courts generally do not intervene to save litigants from

    their choice of counsel, even when a litigant chooses himself as his own

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO
WITHDRAW ~ 4

legal representative.  Plaintiff Raymond Hilton is advised that he will be held to the same standard as the party with lawyers in this case.  All parties are expected to follow the Federal Rules of Civil Procedure, the Local Rules of this Court, complete discovery, meet the Court's deadlines, and participate at scheduled hearings and trial.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including:

Raymond Hilton, P.O. Box 1125, Richland, WA 99352.

DATED April 10, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO WITHDRAW ~ 5